IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| YVONNE HICKMAN | * | |
| | * | |
| v. | * | Civil No. CCB-12-3577 |
| | * | |
| MICHAEL PUGLISE | * | |
| | * | |
| | * | |
| | *** | |

**MEMORANDUM**

Yvonne Hickman ("Hickman"), a Maryland resident, brings this action against Michael Puglise, a Georgia attorney.[1] Hickman's financial affidavit and motion to proceed in forma pauperis indicate that she qualifies to proceed in this matter as an indigent. After reviewing the complaint, however, the court shall dismiss this case for lack of jurisdiction and improper venue.

In the complaint, Hickman claims she contracted with defendant in January of 2011 for legal representation, paying him $10,000 for his services. She claims defendant breached the contract and was negligent in his representation, resulting in violations of her right to due process and her incarceration. She also claims defendant criminally conspired against her in violation of 18 U.S.C. § 1961, and obstructed justice in violation of 18 U.S.C. § 1503.

**I.    Jurisdiction**

The jurisdiction of the federal courts is limited. Federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $ 75,000.00. *See* U.S. Const. Art. III, § 2; 28 U.S.C. §§ 1331 & 1332. There is no presumption that jurisdiction is vested in the court. *See Pinkley, Inc. v. City of Frederick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999). The burden of establishing subject matter jurisdiction

---

[1] *See* http://www.pugliselawfirm.com.

rests on the party invoking the jurisdiction of the court. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). If the court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

**II.     Discussion**

There are two primary ways a plaintiff can assert federal jurisdiction:  1) raise a federal question, or 2) show diversity of citizenship of the parties. *See* 28 U.S.C. §§ 1331 & 1332. Regarding federal question jurisdiction, Hickman, a private citizen, may not bring criminal charges against another. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (stating private individuals have no constitutional or other right to a criminal investigation, nor any judicially cognizable interest in the prosecution or non-prosecution of another).  Nor has she adequately alleged any state action by her private attorney that would support a claim under 42 U.S.C. § 1983.

Insofar as plaintiff brings this case based on diversity of citizenship, she states the amount in question is $75,000.  This amount is just below the statutory requisite.  Further, she provides no facts to substantiate that the amount in controversy is above the contractually agreed amount of $10,000.  "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). A speculative argument regarding the potential value of an award, however, is insufficient to satisfy the amount in controversy requirement for diversity jurisdiction. *See Delph v. Allstate Home Mortg.*, 478 F. Supp. 2d. 852, 855 (D. Md. 2007). While recognizing that pro se pleadings are to be construed liberally, the court finds this matter

is essentially a breach of contract action for the amount of $10,000. The diversity statute is not satisfied.

Finally, venue does not appear to be proper here, as the defendant resides in Georgia and "a substantial part of the events or omissions giving rise to the claim" apparently occurred in Georgia. *See* 28 U.S.C. § 1391(b).

### III.   Conclusion

For the reasons stated above, the court concludes this matter must be dismissed. A separate order follows.

January 10, 2013                                    /s/
Date                                                Catherine C. Blake
                                                    United States District Judge